IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronnie Lewis Ware, | ) Civil Action No.: 0:12-2965-MGL |
| Plaintiff, | ) |
| v. | ) **OPINION AND ORDER** |
| Carolyn W. Colvin,[1] Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff Ronnie Lewis Ware ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On December 11, 2013, the Magistrate Judge issued a Report and Recommendation in which she determined that the Plaintiff did not show that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. Accordingly, the Magistrate Judge recommends affirming the Commissioner's decision. (ECF No. 24.) Plaintiff filed Objections on December 26, 2013 (ECF No. 25), and the Commissioner filed a Reply on January 8, 2014. (ECF No. 27.) For the reasons stated below, the court adopts the Report and Recommendation and affirms the Commissioner's decision.

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

I. FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part.  Plaintiff was forty-five years old when he filed an application for SSI alleging a disability as of September 1, 1998 due to a gunshot wound, neuropathy, and being human immunodeficiency virus (HIV) positive. (Tr. at 116, 149.)  He has limited education and past relevant work experience as a stocker and a laborer.  (Tr. at 149-150, 153.)  Plaintiff's application was denied initially and upon reconsideration.  (Tr. at 12.)  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and a hearing was held on March 14, 2011.  (Tr. at 12.)  The ALJ found that Plaintiff was not under a disability as defined by the Social Security Act.  (Tr. at 9-11.)  The Appeals Council denied Plaintiff's request for review on August 7, 2012. (Tr. at 1-5), making the ALJ's decision the final decision of the Commissioner.  Plaintiff subsequently filed an action in this Court on October 12, 2012.  (ECF No. 1.)

II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision.  (ECF No. 24 at 15.)  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions.  28 U.S.C. § 636(b)(1).  "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are

addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## III.  PARTIES' RESPONSE

Plaintiff filed objections to the Report and Recommendation ("Objections") on December 26, 2013, raising several objections, outlined below. (ECF No. 25.) Specifically, Plaintiff 1) makes a general objection to the Magistrate Judge's reading of the facts; 2) contends that the ALJ and the Magistrate Judge failed to properly evaluate the entire medical record when carrying out Step Three of the sequential evaluation and to properly consider Plaintiff's ability to ambulate effectively; and 3) argues that the ALJ failed to properly evaluate the record evidence or make an appropriate finding as to the combination of Plaintiff's impairments or his credibility.

The Commissioner filed a reply to Plaintiff's objections to the Report and Recommendation asking this Court to affirm the final administrative decision for the reasons set forth in the Commissioner's previous submissions to the Court. (ECF No. 27 at 1.)

## IV.  DISCUSSION OF THE LAW

### A.   STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a

scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### B.     LISTING OF IMPAIRMENTS

As an initial matter, the Court finds that the Magistrate Judge properly considered and applied the facts and evidence in this matter in accordance with the relevant standards. Thus, the Court rejects Plaintiff's general objection to the Magistrate Judge's review of the ALJ's decision. (ECF No. 25 at 1-2.) A party's general objections are not sufficient to challenge a magistrate judge's findings. *See Pickens v. U.S. Dep't of Justice*, 479 Fed. Appx. 460, 461 (4th Cir. 2012)(unpublished

decision)( "in order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as to reasonably alert the district court of the true ground for the objection."); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir.1991); *Ford v. Reynolds*, No. 3:11-67, 2011 WL 2581397, * 2 (D.S.C. 2011).

Next, the Court finds no error in the Magistrate Judge's consideration of the ALJ's Step Three analysis as it concerns Plaintiff's ability to ambulate effectively. The Magistrate Judge reviewed the evidence in the record in light of the applicable standards concerning ambulation. (ECF No. 24 at 7-8.) This Court agrees that the ALJ applied the correct legal standard at Step Three. Substantial evidence supports the ALJ's finding that Plaintiff's impairments did not meet or equal one of the impairments listed in the Listing of Impairments. Particularly, the ALJ evaluated Plaintiff's gunshot wound under Listing 1.02 but concluded that the evidence in the record fails to indicate that Plaintiff's condition has resulted in an inability to ambulate effectively. (Tr. at 15.) With substantial evidence supporting the ALJ's decision, this Court cannot reweigh the evidence and second guess the ALJ. *See Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir.2001).

Further, Plaintiff objects to the Magistrate Judge's assessment of the evidence submitted to the Appeals Council. (ECF No. 25 at 3.) But in this case, the Appeals Council acknowledged the submission of new evidence, specifically listed the additional evidence in its notice, made the evidence a part of the record, and considered the additional evidence submitted. (Tr. at 1-5.) Ultimately, the Appeals Council denied Plaintiff's request for review and concluded that the additional evidence did not provide a basis for changing the ALJ's decision. (Tr. at 2.) The Fourth Circuit has held that the Appeals Council is not required to articulate its rationale for denying a request for review and its statutory obligations are satisfied here. *Meyer v. Astrue*, 662 F.3d 700,

705-706 (4th Cir. 2011). This Court has reviewed the additional evidence submitted to the Appeals Council and agrees that the new evidence does not provide a basis for changing the ALJ's decision. As fully explained in the Report and Recommendation, reviewing the entire record, the Commissioner's decision is supported by substantial evidence.

Finally, the Court concludes that the ALJ's discussion of Plaintiff's combined impairments is sufficient under *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989). As noted by the Magistrate Judge, the ALJ specifically concluded that "there is no indication in the record that the claimant's ability to sustain consistent function has been complicated by the combination of these impairments..." (Tr. at 15.) In his objections, Plaintiff points out the existence of a medical record indicating that "the etiology may be multifactorial" (Tr. at 335) but he offers no real explanation of how more discussion of his combined impairments would have changed the outcome of the ALJ's Listing analysis. For these reasons, the Court finds the ALJ's Listing analysis sufficiently addressed Plaintiff's combined impairments. *See Brown v. Astrue*, C/A No. 0:10–1584–RBH, 2012 WL 3716792, at *6 (D.S.C. Aug.28, 2012) (finding that Fourth Circuit precedent issued after *Walker* suggested that *Walker* was not meant to be used as a trap for the Commissioner).

    C.    CREDIBILITY

Next, Plaintiff appears to challenge the Magistrate Judge's findings concerning the ALJ's credibility determination. (ECF No. 25 at 3.) Plaintiff argues that a neurology progress note from March 14, 2011 (Tr. at 333-336) presents a compelling picture of a serious medical problem and makes no suggestion that Plaintiff was exaggerating about his symptoms or otherwise lacked credibility. (ECF No. 25 at 4-5.) Plaintiff suggests that the ALJ took certain statements from the testimony and medical records out of proportion in order to rationalize his conclusions regarding credibility. (ECF No. 25 at 5.) This Court disagrees. The ALJ fully and carefully considered the

medical evidence as well as Plaintiff's statements concerning the intensity, persistence, and limiting effect of the symptoms and Plaintiff's testimony about his activities of daily living. (Tr. at 18.) The ALJ concluded that Plaintiff's statements were not fully credible to the extent they were inconsistent with the Residual Functional Capacity ("RFC") assessment. (Tr. at 18.) Of course, the ALJ is within bounds to disregard Plaintiff's testimony to the extent it is inconsistent with the objective medical evidence in the record. *See Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986); *see also Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (noting that the "only fair manner to weigh a subjective complaint is to examine how pain affects the routine of life"). The ALJ's responsibility is to "make credibility determinations— and therefore sometimes must make negative determinations— about allegations of pain or other nonexertional disabilities." *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). Declining to substitute its judgment for that of the ALJ in making credibility determinations, the Court finds that substantial evidence supports the ALJ's credibility assessment.

      D.      TREATING PHYSICIAN'S OPINION

Lastly, Plaintiff challenges the Magistrate Judge's review of the ALJ's consideration of the treating physician's opinions. Plaintiff argues that the ALJ gave great weight to the opinion of Dr. Laura Liles, the treating physician who did early follow up for Plaintiff's gunshot wound. (ECF No. 25 at 6.) Plaintiff argues that in doing so, the ALJ ignored later evidence which showed that Plaintiff continued to have problems with his legs and feet. (ECF No. 25 at 6.) Plaintiff also complains that he is unable to ascertain the manner in which the Appeals Council considered the opinion of treating podiatric specialist Dr. Charles Gudas. The Court has already set forth the applicable case law pertaining to the Appeals Council's consideration and review of additional evidence and the same conclusions are warranted here—the Fourth Circuit has rejected the contention that the Appeals

Council must articulate any findings when it denies review. *See Meyer*, 662 F.3d at 706.

Further, the Magistrate Judge specifically addressed the ALJ's decision to accord significant weight to Dr. Liles's opinion. (ECF No. 24 at 15.) Contrary to Plaintiff's assertions, the ALJ provided his reasons for the weight given to Dr. Liles's September 2009 opinion—the ALJ indicated that the opinion is supported by Dr. Liles's treating relationship with claimant and evidence of Plaintiff's progressive improvement. (Tr. at 18.) Still, the ALJ's assessment is to be based on all relevant evidence in the case record. *See* 20 C.F.R. 404.1545(a). The ALJ's decision clearly demonstrates compliance with the regulatory scheme and the ALJ indicated that his "review of the recent treatment notes reveals no restrictions recommended by any of the claimant's treating physicians or any opinions more restrictive than the residual functional capacity assessment...." (Tr. at 18-19.) Interestingly, Plaintiff fails to point out which "later evidence" he believes would undercut Dr. Liles's opinion. (ECF No. 25 at 6.) In light of the reasons set forth above, the Court finds no reason to discount the opinion or the ALJ's consideration of the record evidence in this case.

V.  CONCLUSION

The Court has carefully reviewed the record, including the findings of the ALJ and Plaintiff's objections to the Report and Recommendation. The Court concurs in the recommendation of the Magistrate Judge and thus adopts the Report and Recommendation and incorporates it herein by reference. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

February 10, 2014
Spartanburg, South Carolina